EDWARD AULL v. OTTO M. GAFFIN et al., Appellants.

Division Two, April 11, 1911.

1. **FRAUDULENT CONVEYANCE: Honest Debt: Preference.**
Where the grantee does not take the property with intent to aid the debtor to defraud his other creditors, but solely to pay himself, the intention of the grantor cannot affect the rights of the grantee as against creditors, if the debt is honest and the security not excessive. And in such case the debtor may prefer one creditor to another. But neither of those propositions is involved in a conveyance to a wife to whom the grantor owed no debts.

2. ————: **To Wife: As Separation Settlement.** Whether or not a conveyance by a husband to a wife, in consideration of her agreement to support and care for their children, is good as against his creditors, need not be decided, if they had agreed to separate on account of domestic difficulties, and a few weeks after the deed was executed they became reconciled and have since lived together.

3. ————: ————: **Sufficient Evidence.** A creditor recovered judgment for $547.03 against a husband, and execution was levied on land worth from $5000 to $7500, but mortgaged for $5250; and plaintiff, another creditor, to the amount of $2653.19, bought the property for $625, and received a sheriff's deed, and brings suit to have a deed made without consideration, by the husband to his wife, before the first suit was brought, set aside as in fraud of creditors. At the time the deed was made the husband was indebted to various creditors for about $10,000, and was then insolvent, and this fact the wife knew. *Held*, first, that plaintiff, being the purchaser at the execution sale, is not to be regarded as a mere general creditor; and, *second*, the evidence was sufficient to support the finding that both the husband and wife intended by the conveyance to defraud his creditors.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*U. G. Phetzing* for appellants.

(1)   If the debt is honest and the security not excessive, the intention which prompted the making of the deed can in no wise affect the question of its validity or of its invalidity in a controversy with other creditors.   Bangs Milling Co. v. Burns, 152 Mo. 350; Bank v. Russey, 74 Mo. App. 651.   (2)   A debtor may prefer one creditor over another by transfer of property, provided the property is taken in satisfaction of a just demand and not as a mere screen to secure the property to the debtor himself.   Wall v. Beedy, 161 Mo. 625; Scott Hardware Co. v. Riddle, 84 Mo. App. 275.   (3)   The value of all the property (as testified to) owned by appellant varied from $5000 to $7500. The Commercial Bank debt with interest amounted to not less than $5000.   (4)   Respondent was a mere general creditor, therefore cannot maintain this action as far as his debt is concerned or referred to in the decree.   Ready v. Smith, 170 Mo. 170; Davidson v. Dockery, 179 Mo. 695.

*Alexander Graves* for respondent.

(1)   The answers of both the Gaffins ignore all pecuniary consideration upon which to base the deeds, and aver that they were to separate and live apart, the wife taking the children.   The answer of Otho Gaffin contained the following: ''Avers that said sale was made in good faith for the sole purpose of providing for his wife and children.''   The answers of Laura Gaffin contained the following: ''Avers that said sale and conveyance was made for a valuable consideration in good faith and for the only purpose of providing for her and their children, with no intent to hinder, delay, or defraud any person or any creditors of Otho M. Gaffin.''   But the evidence shows that they lived apart only six weeks and became reconciled. This reconciliation destroyed the alleged consideration

of the deeds and rendered them voluntary.   Kehr v. Smith, 20 Wall. 31; Wells v. Stout, 9 Cal. 498; Carson v. Murray, 3 Paige Ch. 501; Zimmer v. Settle, 124 N. Y. 337; Sheltar v. Gregory, 2 Wend. 422; Hindly v. Westmath, 2 Barn. & Cress. 200; Roberts v. Hardy, 89 Mo. App. 93.   (2) The petition charges that at the date of the deeds Gaffin was in debt several thousand dollars (the evidence shows over $10,000) and that he was wholly insolvent at and before the date of the deeds. The answers neither deny the charge of indebtedness nor insolvency.   Nor does either Gaffin or wife (who alone testified for the defense) undertake to show that he owned any other property after the execution of these deeds. The reconciliation rendered them voluntary as above shown; and a voluntary deed is null and void, regardless of the intent, as to existing creditors. White v. McPheters, 75 Mo. 289; Vogel v. Pauley, 42 Mo. 303; Dunlap v. Mitchell, 80 Mo. App. 397; Ridenour v. Foree, 71 Mo. 354; Snyder v. Fee, 114 Mo. 369; Balz v. Nelson, 171 Mo. 682; Hoffman v. Nolte, 127 Mo. 135; Clark v. Thais, 173 Mo. 628; Morgan v. Wood, 38 Mo. App. 257; Robinson v. Robards, 15 Mo. 459; Needles v. Ford, 167 Mo. 503; Bank v. Nichols, 202 Mo. 310.   (3)   Nor does the fact that by the deeds Laura Gaffin was required to assume the indebtedness, secured by deed of trust, which her husband owed the Commercial Bank, aid the defendants, or validate the deeds.    Dunlap v. Mitchell, 80 Mo. App. 397.   (4) While both answers aver that the sole purpose of the deeds was to furnish support to the wife and children, Gaffin testified that some 14 years before the execution of the deeds he borrowed $200 of his wife.   The purpose of this evidence, under the state of the pleadings, is not apparent.   But whatever its purpose was, that purpose was defeated when Mrs. Gaffin testified that the $200 was used for the living expenses of the family.   But if it is intimated that this $200 is a valuable consideration with a view of supporting these deeds,

then the consideration is inadequate in view of Gaffin's insolvency and as to existing creditors; and of itself constitutes a badge of fraud. Morgan v. Wood, 38 Mo. App. 260; Needles v. Hoard, 167 Mo. 504; Bank v. Nichols, 202 Mo. 310; Robinson v. Robards, 15 Mo. 459; Balz v. Nelson, 171 Mo. 682. (5) Considering that Gaffin testified specifically that the separation took place from the 5th to the 15th of November, 1904, and that they were reconciled within two weeks, the separation resembled a fiction coincident with the 11th of November, 1904, the date of the deeds. If any part of the consideration is fictitious, then as to creditors the conveyance is void. Tube Works v. Machine Co., 112 Mo. 376; State ex rel. v. Hope, 102 Mo. 429. (6) The plaintiff, himself a creditor, was the purchaser at execution sale of Moorehead, and stands in the shoes of the execution creditor. Ryland v. Kellison, 54 Mo. 514; Rinehart v. Long, 95 Mo. 401.

FERRISS, J.—On March 20, 1905, James R. Moorehead, in the circuit court of Jackson county, recovered judgment for $547.03 against appellant Otho M. Gaffin. Under said judgment execution issued directed to the sheriff of Lafayette county, and was by him levied upon the interest of said appellant in a tract of land containing twelve and a half acres which, together with improvements, was worth from $5000 to $7500, but mortgaged for $5250. At the sheriff's sale respondent, being Gaffin's creditor to the amount of $6253.19, bought the property for $625, and received a deed from the sheriff.

This suit was brought by respondent to set aside a conveyance of this property made by appellant Gaffin to his wife on November 11, 1904, on the ground that the same was made to defraud creditors. At the date of such conveyance appellant Gaffin was indebted to various creditors for about $10,000, and was then

insolvent. The conveyance to the wife of appellant recited a consideration of one dollar.

The appellants pleaded in their answers, and introduced evidence tending to prove, the following facts: That on November 11, 1904, appellant Otho M. Gaffin and his wife, Laura, on account of domestic difficulties, agreed to separate, she to assume the care and support of their children, five in number; that the transfer to her was in consideration of this agreement, and for the sole purpose of providing for the wife and children; that the appellant Laura had no intention to assist her husband to defraud his creditors; that by the terms of such conveyance she, Laura, assumed and promised to pay the indebtedness secured by mortgage on the land.

The appellant Laura testifies that she knew of the debts owing by her husband at the time of the conveyance. It further appears from the testimony of appellants that husband and wife were separated for six weeks only, after which time they became reconciled, and lived together; also that Mrs. Gaffin had at some previous time, not specified, let her husband have $200 which he used in his business. When asked whether he ever repaid this, she said: "No more than a living." All the children were working except the youngest who was at school. Neither answer pleaded this alleged indebtedness of $200.

The decree of court found that the conveyance from husband to wife was made in fraud of creditors, and set the same aside. There is no assignment of errors.

Appellants assert: 1. That if the debt is honest, and the security not excessive, the intention of the grantor cannot affect the rights of the grantee as against creditors. 2. That a debtor may prefer one creditor to another. 3. That the respondent was a mere general creditor.

The first two propositions correctly state the law in a case where the creditor does not take the property with intent to aid the debtor to defraud his creditors, but solely to pay himself. The third proposition is not involved in the case, as respondent is a purchaser at execution sale. Neither of the foregoing propositions touch the case.

It is contended that there is no evidence to support the finding of the court. Whether a conveyance to a wife, who is living apart from her husband, in consideration of her undertaking to support their children, is good as against creditors, we need not decide, because the testimony shows that, in view of the speedy reconciliation which followed the alleged separation, there is practically no such situation presented here. In view of the pleadings, the court was justified in rejecting the claim that the alleged debt from the husband to the wife constituted a consideration. But even if it were a valid debt, it was entirely disproportionate to the value of the equity in the property.

The evidence is sufficient to support the finding of the court that both husband and wife had the intent and purpose to defraud his creditors. Upon such finding, the deed should be set aside, regardless of the question of consideration.

The judgment is affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.